Paul S. Padda, Esq. (NV Bar #10417)
Email: ppadda@caplawyers.com
COHEN & PADDA, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada  89103
Tele: (702) 366-1888
Fax: (702) 366-1940
Web: caplawyers.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAMELA McSWAIN,                )
                               )
        Plaintiff,             )   Case No. _____
                               )
    v.                         )
                               )
UNITED STATES OF AMERICA,      )
                               )
        Defendant.             )
_____)

## COMPLAINT

In support of this Complaint, Plaintiff hereby alleges the following:

### I.

### JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1.  This civil action arises under the Federal Tort Claims Act ("FTCA") Sections 2671 through 2680 of Title 28 of the United States Code ("U.S.C."). The FTCA, 28 U.S.C. § 1346(b)(1), provides that federal courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s]" occurred in Nevada.

4. This civil action is brought by Plaintiff pursuant to federal statute and the common law of Nevada.

## II.

## THE PARTIES

5. Plaintiff, Pamela McSwain, was at all times relevant herein an adult female resident of Clark County, Nevada.

6. Defendant United States of America ("United States") is sued herein for monetary and declaratory relief based upon the acts and/or omissions of its "employees," as that term is defined under 28 U.S.C. § 2671. The United States Department of Homeland Security ("DHS") is a component federal agency of the United States. The Transportation Security Administration ("TSA") is a subagency of the DHS. The TSA, among other things, provides security at airports throughout the United States and owes a duty of care to members of the general public.

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Following injuries sustained September 29, 2014 on account of the negligence of TSA employees, Plaintiff submitted an FTCA claim to TSA on November 19, 2014.

8. By letter dated January 23, 2015, the TSA acknowledged receipt of Plaintiff's FTCA claim and further advised that "[i]f the claim is denied, or is not resolved within 6 months after the date presented" she could "file suit on the claim in an appropriate U.S. District Court."

9. To date, TSA has failed to resolve, let alone deny, Plaintiff's FTCA claim.

. . .

. . .

## IV.

## FACTUAL BACKGROUND

10. On September 29, 2014, Plaintiff, along with her small emotional support animal ("ESA"), a dog named "Chief," arrived at McCarran International Airport (Las Vegas, Nevada) to board a flight, as they had done numerous times before, to Mineta San Jose International Airport (San Jose, California).

11. Plaintiff, who was approved as a "trusted traveler" by TSA, approached the TSA Pre-Check line but was instructed by a TSA officer to go to the "wheelchair line" where three other passengers were ahead of Plaintiff. Complying with this directive, Plaintiff was required to walk a circuitous route around the normal security gate.

12. When Plaintiff arrived at the "wheelchair line" she was redirected to go back to the TSA Pre-Check line. Plaintiff started walking back to the Pre-Check line. As she was making her way around the security checkpoint, Plaintiff began hearing loud barking noises from what she assumed was a TSA security dog. While she was walking she did in fact notice a security dog which was on its hind legs and pulling on the leash maintained by a handler and barking in a threatening manner. Concerned for herself and Chief, Plaintiff reached down to pick up her dog with the intent of holding him closely to her chest. As she was doing that, a TSA officer told Plaintiff she needed to go back, yet again, to the "wheelchair line."

13. While attempting to return to the standing position, having just picked up her dog, Plaintiff was attacked from behind by the large black TSA dog which knocked both Plaintiff and Chief to the ground. Plaintiff fell on Chief injuring his leg while screaming for someone to get the TSA dog off of her and Chief.

14. After falling, Plaintiff immediately felt pain in her head, neck, arms and back regions. Additionally, Chief, who had been underneath Plaintiff, began limping and whimpering in pain. Due to the pain and trauma, Plaintiff began to cry. The TSA officer who had instructed

1 her to go back through the "wheelchair line" offered to help the Plaintiff off of the ground.
2 Plaintiff handed the TSA officer her purse and was escorted back to the "wheelchair line."
3 Though in pain, Plaintiff continued through the security line concerned she would miss her flight.
4 It was only after she was through the security line that a TSA officer inquired if she was "ok."
5 Plaintiff replied that she was not "ok" as she had just been attacked by the TSA dog. The officer
6 commented that the incident should not have happened and apologized.

7     15. Following the episode at McCarran International Airport, Plaintiff was required to
8 seek immediate medical treatment for both herself and Chief. To date, Plaintiff has incurred
9 significant medical bills from those treatments and will require future medical care.

10     16. Upon arriving in San Jose, Plaintiff and her spouse went immediately to the TSA
11 office to make a complaint. Plaintiff requested that all video tapes of the incident in Las Vegas
12 be preserved and requested confirmation of that fact. Subsequently, TSA sent Plaintiff written
13 confirmation that the tapes were secured.

## V.

## **FIRST CAUSE OF ACTION**

**(Negligence)**

17     17. Plaintiff incorporates by reference the allegations found in paragraphs 1 through
18 16 set forth above.

19     18. Defendant owed Plaintiff a duty of care to render security services, including the
20 handling/leashing of security animals, in a reasonable and safe manner. Defendant breached its
21 duty of care towards Plaintiff by failing to either properly leash its security dog or provide the
22 handler with appropriate training for doing so. Under either scenario, Defendant's actions fell
23 below the acceptable standards of practice and care. As a direct and proximate result of the
24 negligence of Defendant, Plaintiff and her service dog Chief have suffered significant physical
25 pain, mental anguish and inconvenience.

19. As a result of Defendant's negligence, Plaintiff seeks damages in an amount to be proven at trial but not less than seven hundred and fifty thousand dollars ($750,000.00).

## VI.

## **RELIEF REQUESTED**

20. Wherefore, in light of the foregoing, Plaintiff seeks the following relief in this matter:

    a. Monetary damages in an amount no less than seven hundred and fifty thousand dollars ($750,000.00);

    b. Declaratory relief in the form of a finding of negligence on the part of Defendant;

    c. Plaintiffs' costs in this action, including attorney's fees and any interest on judgment permitted by law;

    d. Such other and further relief as the Court may deem just and proper in this case.

Respectfully submitted,

*/s/ Paul S. Padda*
_____
Paul S. Padda, Esq.
COHEN & PADDA, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
Web: caplawyers.com

Attorney for Plaintiff

Dated: July 13, 2015