1  Paul S. Padda, Esq. (NV Bar #10417)
   Email: psp@paulpaddalaw.com
2  PAUL PADDA LAW, PLLC
   4240 West Flamingo Road, Suite 220
3  Las Vegas, Nevada 89103
   Tele: (702) 366-1888
4  Fax: (702) 366-1940

5  Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA McSWAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-1321-GMN-GWF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND STAY DISCOVERY PERIOD

**(Expedited Consideration Requested)**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 6(b)(1)(A) and 37, and the Court's Local Rules 26-4 and 26-7, Plaintiff, by and through undersigned counsel, respectfully requests that the Court issue an Order compelling Defendant to respond to certain of Plaintiff's "First Set Of Requests For Production Of Documents."  To date, Defendant has categorically refused to provide Plaintiff with documents and records necessary for Plaintiff to properly prosecute her case and obtain a meaningful expert report.  Defendant's position, as articulated by it's counsel Patrick Rose, Esq., is that Plaintiff seeks documents that he has determined to not be relevant to this dispute.  This articulated basis for withholding documents is both without merit and legal authority.  In addition to seeking to compel disclosure, Plaintiff respectfully requests that the Court either extend or stay the expert disclosure deadline that is set to expire tomorrow,

July 22, 2016.

In support of this motion, Plaintiff relies upon the memorandum of points and authorities set forth below and the supporting declaration of Paul S. Padda, Esq. *See* Exhibit A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this litigation on July 13, 2015 by filing a Complaint. Plaintiff's Complaint cites the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, as the jurisdictional basis for her lawsuit. According to Plaintiff's Complaint, while at Las Vegas McCarran International Airport making her way through a Transportation Security Administration ("TSA") checkpoint, she was "attacked from behind by [a] large black TSA dog which knocked both Plaintiff [and her emotional support dog] to the ground." Complaint, p. 3, ¶ 13. Seeking compensatory relief for her medical injuries and other damages, Plaintiff's Complaint alleges "Defendant breached its duty of care towards Plaintiff by failing to either properly leash its security dog or provide the handler with appropriate training for doing so." Complaint, p. 4, ¶ 18.

On November 25, 2015, Defendant filed an Answer setting forth various affirmative defenses (including this Court's lack of subject matter jurisdiction) in response to Plaintiff's Complaint.[1] Subsequently, a scheduling Order was issued setting a discovery period. Currently, the discovery period is expected to expire on September 20, 2016 with deadlines for expert disclosures to occur on July 22, 2016.[2] After propounding written discovery on May 3, 2016, Plaintiff received Defendant's responses less than two weeks ago or July 8, 2016.[3]

---

[1] Pacer #12.

[2] Pacer #16.

[3] Defendant, by and through counsel, requested that Plaintiff provide the United States with an extension of time to respond to the propounded discovery. In the spirit of accommodation, Plaintiff provided the United States an additional 30-days to respond.

2

# ARGUMENT

## I. Legal Standards

### A. Motion To Compel Discovery

Where a party seeks disclosure of documents during the discovery process, FRCP 37(a)(3)(B) permits a party to "move for an order compelling an answer, designation, production or inspection." A Court is further empowered to award the party seeking disclosure attorney fees and costs under FRCP 37(a)(5).

### B. Motion To Compel Discovery Deadlines

Under FRCP 6(b)(1)(A), a party may seek to extend a court imposed deadline prior to its expiration upon a showing of "good cause." The standard to be applied by a court under FRCP 6(b)(1) is a liberal one in order to "effectuate the general purpose of seeing that cases are tried on the merits." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010). "Good cause is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." Id at 1259.

## II. Plaintiff Cannot Prosecute Her Case Unless Defendant Is Ordered To Produce Documents Relevant To Establishing Its Duty Of Care

One of the central issues in this case is whether Defendant breached its duty of care towards Plaintiff by failing to adhere to its policies and procedures with respect to, among other things, the handling of its canine which attacked Plaintiff. Following the incident leading to this lawsuit, a representative of the TSA wrote to Plaintiff notifying her that TSA's "policies and procedures focus on ensuring that all passengers are treated with dignity, respect and courtesy." See Exhibit B. The TSA apologized for its "canine getting loose." Id. Following the incident, Plaintiff was required to seek medical attention for her injuries following the attack by the TSA canine.

In adjudicating this case, this Court will have to determine whether TSA's failure to follow its own mandatory policies and procedures contributed to the "canine getting loose" and whether TSA violated its mandatory policies and procedures regarding the training of the canine itself and related issues. The discovery which Plaintiff seeks through this motion is discovery that will require the TSA to produce relevant policies and procedures.

    **A.**    **Request For Production Number 6:** Provide copies of any documents used by TSA instructors throughout the duration of training to train TSA dog handlers, including but not exclusive to training manuals, policy statements or guidelines (official or unofficial).

        **Government Response:** Defendant objects on the grounds that this request is vague, overly broad, disproportional to the claims at issue, and implicates information that constitutes SSI as well as information that is nondiscoverable or irrelevant to the claim at issue. Based on such objections, Defendant is withholding the Transportation Security Inspector Canine Manual, the Explosives Detection Canine Handler Course and Passenger Screening Canine Handler Course Lesson Plans and Workbooks, and TSA's Standard Operating Procedures pertaining to screening with canines.

        **Argument For Disclosure:** As noted above, the TSA itself acknowledged following the subject incident that policies and procedures were the central measuring stick by which to assess its conduct. Here, the government is simply withholding documents that will be crucial to Plaintiff establishing that TSA violated its duty of care towards Plaintiff. The Canine Manual, the information regarding the handler course and the Standard Operating Procedures are all relevant documents to the key issues in this case – namely whether the canine got loose because of it was not properly secured or because it was not properly trained per agency requirements.

    **B.**    **Request For Production Number 7:** Provide copies of any documents used by TSA instructors throughout the duration of training to train TSA dogs, including but not exclusive to training manuals, policy statements or guidelines (official or unofficial).

        **Government Response:** Defendant objects on the grounds that this request is vague, overly broad, disproportional to the claims at issue, and implicates information that constitutes SSI as well as information that is nondiscoverable or irrelevant to the claim at issue. Based on such objections, Defendant is withholding the Transportation Security Inspector Canine Manual, the Explosives Detection Canine Handler Course and Passenger Screening Canine Handler Course Lesson Plans and Workbooks, and TSA's Standard Operating Procedures pertaining to screening with canines.

4

**Argument For Disclosure:** As noted above, the TSA itself acknowledged following the subject incident that policies and procedures were the central measuring stick by which to assess its conduct. Here, the government is simply withholding documents that will be crucial to Plaintiff establishing that TSA violated its duty of care towards Plaintiff. The Canine Manual, the information regarding the handler course and the Standard Operating Procedures are all relevant documents to the key issues in this case – namely whether the canine got loose because of it was not properly secured or because it was not properly trained per agency requirements.

C. **Request For Production Number 8:** Provide copies of any documents detailing official TSA policy applicable throughout the duration of training in handling occurrences such as the subject incident; to prevent, mitigate in the moment and ameliorate after the fact such crises.

**Government Response:** Defendant objects on the grounds that this request is vague, overly broad, disproportional to the claim at issue, and implicates information that constitutes SSI as well as information that is nondiscoverable or irrelevant to the claim at issue. Based on such objections, Defendant is withholding the Transportation Security Inspector Canine Manual, the Explosives Detection Canine Handler Course and Passenger Screening Canine Handler Course Lesson Plans and Workbooks, and TSA's Standard Operating Procedures pertaining to screening with canines.

**Argument For Disclosure:** As noted above, the TSA itself acknowledged following the subject incident that policies and procedures were the central measuring stick by which to assess its conduct. Here, the government is simply withholding documents that will be crucial to Plaintiff establishing that TSA violated its duty of care towards Plaintiff. The Canine Manual, the information regarding the handler course and the Standard Operating Procedures are all relevant documents to the key issues in this case – namely whether the canine got loose because of it was not properly secured or because it was not properly trained per agency requirements.

D. **Request For Production Number 11:** Provide copies of any documents certifying and documenting each and every type of training that TSA handler Raymond Fasciano and TSA canine have undergone.

**Government Response:** Defendant objects on the grounds that this request is vague, overly broad, disproportional to the claim at issue, and implicates information that constitutes SSI as well as information that is nondiscoverable or irrelevant to the claim at issue. Without waiving said objections, see US0463-468. Based on these objections, Defendant has not searched TSA's Canine Website System (CWS), which records ongoing, nearly daily training of all TSA canines (to keep them alert and proficient for performance of their official duties).

5

**Argument For Disclosure:** As noted above, the TSA itself acknowledged following the subject incident that policies and procedures were the central measuring stick by which to assess its conduct. Here, the government is simply withholding documents that will be crucial to Plaintiff establishing that TSA violated its duty of care towards Plaintiff. The CWS is highly relevant to the key issues in this case – namely whether the canine got loose because of it was not properly secured or because it was not properly trained per agency requirements. In responding to this request, the government admits that the CWS tracks whether its canines are "alert and proficient for performance of their official duties." Whether the canine at issue here was deployed for "official duties" without meeting the agency's mandatory requirements of alertness and proficiency would clearly establish negligence on the part of the government.

E.  **Request For Production Number 13:** Provide documents concerning any and all cases or complaints ever filed or lodged against the TSA nationally for canine related incidents such as the subject incident.

   **Government Response:** Defendant objects on the grounds that this request is vague and overly broad in scope of geography, subject matter and time frame. Defendant further objects on the grounds that this request implicates information that would be protected by the Privacy Act, 5 U.S.C. § 552a. Without waiving said objections, Defendant is not aware of a prior incident that is similar to the subject incident and involved Mr. Fasciano or Vadar. Defendant is not aware of any prior similar incidents at LAS involving TSA canines.

   **Argument For Disclosure:** The government's response is evasive. Complaints about a problem involving TSA canines attacking travelers similar to what happened here would suggest "knowledge" on the government's part. Failing to act despite knowledge of a problem is potentially a breach of the duty of care. Accordingly, Plaintiff's request is highly relevant and germane to these proceedings. Defendant should be required to respond completely and fully.

F.  **Request For Production Number 23:** Produce the complete personnel file of Raymond Fasciano.

   **Government Response:** Defendant objects on the grounds that this request is vague (particularly as to what Plaintiff means or intends by "personnel file"), overly broad, and seeks records that are nondiscoverable or irrelevant, as well as protected from disclosure by the Privacy Act. Without waiving said objections, see responses to request no. 11. Based on such objections Defendant is withholding personnel records for Raymond Fasciano, including his eOPF and other records kept by TSA regarding his employment and performance.

**Argument For Disclosure:** Credibility of a witness is always relevant in a lawsuit. Here, Mr. Fasciano as a key witness to the treatment of Plaintiff and her comfort animal. To withhold his personnel file is to withhold important impeachment information and information that may lead to the discovery of relevant information. Additionally, if Mr. Fasciano was disciplined for failing to follow agency policy and procedure, that too would be relevant.

### III. Plaintiff Cannot Obtain An Expert Report, At Least Not A Meaningful One, Without The Documents Requested Above

In assessing whether TSA owed Plaintiff a duty of care and whether it breached that duty, an expert will need to review the policies and procedures referenced in TSA's October 1, 2014 email to Plaintiff (see Exhibit B) and the policies and procedures referenced by TSA in response to Plaintiff's requests for production of documents numbered 6, 7, 8, 11, 13 and 23. In its October 1, 2014 email to Plaintiff, the government itself referenced its policies and procedures in connection with its conduct thereby rendering those matters relevant to the instant litigation.

#### A. The Court Should Either Extend The Expert Disclosure Deadline Or Stay Discovery

In the face of Defendant's categorical refusal to provide key documents, Plaintiff cannot satisfy the current deadline for expert disclosures. *See* Exhibit A. Accordingly, the Court should either extend the current deadline until the instant dispute is fully resolved or stay discovery pending resolution of this motion.[4]

---

[4] Although the Court's Local Rule 26-4 requires a motion for extension of a discovery deadline to be filed 21-days before the expiration of a deadline, Plaintiff was not in a position to meet this requirement since she did not receive Defendant's discovery responses until July 8, 2016 or less than two weeks before the expiration of the current expert deadline in this case. The Court should not penalize Plaintiff for accommodating the United States' request for an extension of time to respond to her discovery. To this end, it should be noted that this was not Plaintiff's first accommodation. She previously agreed to the government's request for an extension of all discovery deadlines. *See* Pacer #16.

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court compel Defendant to respond to discovery requests discussed herein.

Respectfully submitted,

/s/ *Paul S. Padda*

_____
Paul S. Padda, Esq.
PAUL PADDA LAW, PLLC
4240 West Flamingo Road, #220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

Attorney for Plaintiff

Dated: July 21, 2016

CERTIFICATE OF SERVICE

In compliance with the Court's Local Rule 5-1, the undersigned hereby certifies that on July 21, 2016 a copy of the foregoing document, "PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND STAY DISCOVERY PERIOD" was served (via the Court's CM/ECF system) upon counsel of record for Defendant.

/s/ *Paul S. Padda*
_____
Paul S. Padda, Esq.