Paul S. Padda, Esq. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAMELA McSWAIN,                )
                              )
         Plaintiff,           )
                              )
    v.                        )   Case No. 2:15-cv-1321-GMN-GWF
                              )
UNITED STATES OF AMERICA,     )
                              )
         Defendant.           )
_____)

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CERTAIN DISCOVERY RESPONSES

Pending before the Court is Plaintiff Pamela McSwain's motion to compel certain discovery responses.[1] Defendant filed on opposition[2] that neither challenges the timeliness of Plaintiff's discovery or asserts there is an applicable privilege that prevents Defendant with complying. Instead, Defendant's opposition to Plaintiff's motion is predicated upon "relevancy" grounds which is the <u>weakest</u> possible basis for resisting a request for discovery. For the reasons set forth in Plaintiff's motion to compel and this reply, Defendant should be ordered to comply with its obligations.

. . .

---

[1] *See* Pacer #23.

[2] Pacer #26.

### I. The Federal Rules Of Civil Procedure Promote A Broad And Liberal Policy Towards Permitting Parties Wide Latitude In Obtaining Discovery

Contrary to what is suggested in Defendant's opposition papers filed in response to Plaintiff's pending motion to compel, the Federal Rules of Civil Procedure ("FRCP") in fact establish a liberal framework for obtaining discovery. *See* FRCP 26; Hickman v. Taylor, 329 U.S. 495, 501 (1947). Under FRCP 26 a party may "obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party [and] [r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* FRCP 26(b)(1).

For purposes of discovery the definition of relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Consistent with the liberal notice pleading standards, "discovery is not limited to issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues." Id.[3] To this end, it must be noted that jurisdictional discovery "may [also] be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).

. . .

. . .

. . .

---

[3] "[T]he Federal Rules of Civil Procedure promote a 'broad and liberal' policy of discovery 'for the parties to obtain the fullest possible knowledge of the issues and facts before trial.'" In re MSTG Inc., 675 F.3d 1337, 1346 (Fed. Cir. 2012) (quoting Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

2

**II.     Defendant Is Misinformed In Asserting Plaintiff Has Abandoned Her Negligent Training Claim**

Defendant has filed a partial motion to dismiss Plaintiff's "negligent training" claim; a motion that is currently pending before the Court.[4]  The sole basis for Defendant's dispositive motion is its assertion that the discretionary function exception would bar such a claim insofar as it implicates a "choice" by government officials to provide training and the type/extent of that training.  In response to Defendant's dispositive motion, Plaintiff conceded that the "hiring, training and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield."[5]  Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000).  However, the key word that must be underscored is "usually."

At this point, because Defendant has categorically refused to provide discovery responses that would assist in determining whether the training provided by Defendant to its security personnel and the type/extent of that training involved elements of choice/judgment, Plaintiff, or the Court for that matter, cannot meaningfully assess the legitimacy of Defendant's claim regarding the applicability of the discretionary function exception.  For this reason, in opposing Defendant's partial motion to dismiss, Plaintiff noted that Defendant is basically seeking an "advisory opinion"[6] from the Court regarding the general applicability of the discretionary function exception.

To the extent it comforts Defendant, Plaintiff acknowledges the discretionary function exception legally exists as a doctrine and further agrees that it <u>may</u> serve as a bar to some of Plaintiff's claims.  However, by invoking the exception while <u>at the same time</u> withholding

---

[4]  Pacer #17.

[5]  Pacer #20, p. 4.

[6]  Pacer #20, p. 5.

3

documents from Plaintiff and thereby preventing her from rebutting its jurisdictional arguments, Defendant is simply highlighting the significant importance of the documents being withheld.

Neither Plaintiff or the Court should be required to accept Defendant's word on face value that the discretionary function exception bars Plaintiff's negligent training claim in this case. By withholding discovery responses, this is basically what Defendant is forcing both Plaintiff and the Court to do. Thus, Defendant's assertion that the "Court lacks subject matter jurisdiction over the claim" is both self-serving and conclusory.[7]

At no point has Plaintiff ever "abandoned" her negligent training claim. She is simply not in a position to comment upon the applicability of the discretionary function exception to the specifics of this case because Defendant has refused to disclose documents (i.e. training manuals, policy statements and/or guidelines). If Defendant is compelled to comply with its discovery obligations, as it should be, what is disclosed may affect the type of expert(s) Plaintiff will need. So far, however, Defendant has chosen the unfortunate path of intransigence in response to its discovery obligations and frustrated Plaintiff's efforts to prosecute her claims. Plaintiff, however, has not abandoned her claims.

**II.     Defendant's Attempt To Invoke State Law As A Basis For Withholding Discovery Unavailing**

On page five of its opposition, Defendant argues that whether it breached a duty towards Plaintiff is governed by Nevada law, "not some policy that is unique to TSA and inapplicable to a private person."[8] Defendant complains that "Plaintiff failed to support her relevance arguments with any applicable Nevada tort law, which determines what facts are of consequence to the

---

[7] Pacer #26, p. 5.

[8] Pacer #26, p. 5.

determination of the sole, live claim for negligent leashing."[9] Respectfully, this is a rather ridiculous argument.

First, as the Defendant itself is well-aware, there is no Nevada state court case law discussing the obligations of TSA to members of the general public. This is for obvious reasons. Any suit against TSA or any other federal agency would immediately be removed to federal court by Defendant. Accordingly, there are no cases from the state courts for Plaintiff to cite involving TSA's duties and tort liabilities. If there were, it would undoubtedly be a matter of significant concern for the Chief of the Civil Division of the United States Attorney's Office.

Because Defendant appears to concede in its opposition papers that it is subject to Nevada law on negligence and premises liability, the documents it is withholding are highly relevant to determine the scope of Defendant's duties with respect to the undertaking it is providing – security at airports. If there are internal policies that were not followed, that would be strong evidence that Defendant breached its duty of care. In light of this fact, TSA's policies and procedures, contrary to Defendant's arguments, are highly relevant and probative of central issues in this case.

### III. Defendant Fails To Provide The Court With Any Meaningful Basis For Determining Whether TSA Policies And Training Materials Are Truly Sensitive Security Information (SSI)

Apart from simply making the claim, Defendant has failed to provide any persuasive evidence or testimony from a witness (i.e. declaration) that the materials responsive to Plaintiff's discovery requests are truly SSI. Instead, Defendant seeks to scare the Court that requiring Defendant to disclose discovery responses may interfere with the TSA's mission to thwart "criminal or terrorist activity." At the same time, however, Defendant acknowledges in a footnote that SSI can be disclosed subject to a protective order. That is precisely what should

---

[9] Pacer #26, p. 10.

occur here.

The Court can easily order disclosure while at the same time satisfy the Defendant's concerns by making disclosure in this case subject to a protective order. Having the Court conduct an *in camera* inspection of records Defendant characterizes in its opposition papers as "voluminous" would be inappropriate as the Court would then become too involved in making assessments about the theory of Plaintiff's case and whether evidence supports that theory. The better course is to make disclosure subject to a protective order because this both promotes the liberal standard mandated by FRCP 26(b)(1) while at the same time balancing the Defendant's concerns.[10]

### IV. Defendant's Attempt To Define What Is Relevant To The Type Of Claims It Believes Plaintiff Should Have And Dictate The Type Of Expert Plaintiff Should Retain Is Improper

As noted earlier, FRCP 26(b)(1) permits broad discovery and federal courts have taken an expansive view of what is considered "relevant." Notwithstanding this fact, Defendant argues that Plaintiff's discovery requests are vague, overbroad and irrelevant. As an example, Defendant's cites the fact that Plaintiff seeks the "personnel file" of one of the TSA officer's in question and that producing the file may disclose irrelevant information. Strangely, this is another instance where Defendant simply requests that the Plaintiff and the Court accept Defendant's word on the matter. Equally odd, Defendant equates the request as being as invasive as seeking information from Plaintiff's social media accounts – even though Defendant chose not to make such a request in this case. Where an employee's conduct has been called into question, it is standard practice to seek a "personnel file." While Defendant claims "personnel file" is vague and ambiguous, Defendant cites a number of items in the file. Clearly, counsel for

---

[10] It should be noted, the Court itself will be sitting as the trier-of-fact in this case minimizing any concerns the Defendant may have that SSI will be disclosed to a jury of average citizens.

6

Defendant understands what is meant by the term.

To the extent there are Privacy Act concerns implicated by Plaintiff's request, although Defendant never cited that provision of law as a basis for withholding, those concerns can be addressed through a protective order. Neither Plaintiff or undersigned counsel have any interest in invading anyone's privacy. The personnel file is simply necessary to permit Plaintiff to have a proper foundational basis to conduct a meaningful deposition of a key witness, potentially impeach his credibility and determine if other discovery is needed.

Finally, Defendant complains that its failure to produce discovery should not have impeded Plaintiff's ability to designate an expert and cites the fact that it was able to designate an expert.[11] Of course, this argument is specious given that, by withholding discovery, Defendant is essentially limiting the type of expert(s) Plaintiff can retain and designate. Equally important, by withholding key discovery Defendant obstructed Plaintiff's ability to even consider and determine what type or types of experts she would need. For instance, if the training manuals impose non-discretionary duties, then Plaintiff would clearly need to retain an expert that can address issues far beyond whether the canine in question was properly leashed. With respect to the leashing issue, Plaintiff was not in a position to retain and designate an expert until it reviewed responses to request for production number 13, which were withheld from Plaintiff but which Defendant now seemingly concedes in its opposition papers is "potentially relevant."[12] Criticizing Plaintiff for not being able to designate an expert while at the same time withholding discovery from her and then claiming to the Court that the information sought is not relevant and that the Court should essentially trust Defendant on the matter is to pervert the entire purpose of

---

[11] In a 12-page report, Defendant's expert devotes less than one full page to rendering any actual opinions. Of note, however, he opines that he has never known a dog to elude the restraints that were employed in this case suggesting the possibility of negligence of some type.

[12] Pacer #26, p. 8 (lines 13-14).

civil discovery.[13]

## CONCLUSION

For the reasons set forth in Plaintiff's motion to compel and this reply, Defendant should be required to comply with its discovery obligations.

Respectfully submitted,

/s/ Paul S. Padda

_____
Paul S. Padda, Esq.
PAUL PADDA LAW, PLLC
4240 West Flamingo Road, #220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

Attorney for Plaintiff

Dated: August 22, 2016

## CERTIFICATE OF SERVICE

In compliance with the Court's Local Rule 5-1, the undersigned hereby certifies that on August 22, 2016 a copy of the foregoing document, "PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CERTAIN DISCOVERY RESPONSES" was served (via the Court's CM/ECF system) upon counsel of record for Defendant.

/s/ Paul S. Padda

_____
Paul S. Padda, Esq.

---

[13] Ironically, Defendant claims prejudice on the basis that it disclosed an expert and that any expert designated by Plaintiff following adjudication of the motion to compel will now somehow be able to plan better. Of course, this was a risk created by Defendant when it deliberately chose to withhold discovery. Defendant has not and will not experience any prejudice that it did not already create for itself.