# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PAMELA MCSWAIN,         )
                                )
            Plaintiff,      )      Case No.: 2:15-cv-01321-GMN-GWF
      vs.                    )
                                  )      **ORDER**
UNITED STATES OF AMERICA;   )
                                )
          Defendant.    )
_____)

     Pending before the Court is the Motion for Partial Dismissal, (ECF No. 17), filed by Defendant United States of America ("Defendant").  Plaintiff Pamela McSwain ("Plaintiff") filed a Response, (ECF No. 20), and Defendant filed a Reply, (ECF No. 25).[1]  For the reasons set forth herein, Defendant's Motion for Partial Dismissal is **GRANTED**.

## I.    BACKGROUND

     This case arises out of a personal injury incident that occurred at the McCarran International Airport on September 29, 2014. (Compl. ¶ 10, ECF No. 1).  While near the security checkpoint, Plaintiff claims that she witnessed a Transportation Security Administration ("TSA") dog barking and pulling on the leash maintained by its handler. (*Id.* ¶ 12).  Shortly after, Plaintiff alleges she was "attacked from behind by [a] large black TSA dog which knocked both Plaintiff and [her emotional support dog] to the ground." (*Id.* ¶ 13).

     Plaintiff filed her Complaint on July 13, 2015, alleging a claim of negligence against Defendant pursuant to the Federal Tort Claims Act ("FTCA"). (*See* Compl).  Specifically, Plaintiff alleges that "Defendant breached its duty of care towards Plaintiff by failing to *either*

---

[1] Plaintiff filed two motions to extend time to respond to Defendant's Motion for Partial Dismissal. (ECF Nos. 18, 21).  Defendant filed non-oppositions to these motions. (ECF Nos. 19, 22).  For good cause appearing, the Court grants these motions and considers Plaintiff's response timely.

properly leash its security dog *or provide the handler with appropriate training for doing so*." (*Id.* ¶ 18) (emphasis added).[2]  In the instant motion, Defendant seeks dismissal on: (1) the negligent training portion of Plaintiff's claim; (2) the prayer for declaratory relief; and (3) the prayer for a separate award of attorney's fees.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Therefore, before a federal court may consider the merits of a case, it must first determine whether it has proper subject matter jurisdiction. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653–54 (9th Cir. 2002).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen*, 511 U.S. at 377.

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.*  Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.*

---

[2] While the Complaint lists only a single cause of action for "negligence," Plaintiff in effect advances two alternate negligence theories to support her case.  The Court therefore evaluates the "negligent training" assertion as a distinct claim for purposes of this motion to dismiss.

When a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III.   DISCUSSION

### 1.  Timeliness of Defendant's Motion for Partial Dismissal

Citing the ruling in *Augustine v. United States*, 704 F.2d 1074 (9th Cir. 1983), Plaintiff argues that Defendant's Motion for Partial Dismissal is procedurally improper because it was filed after Defendant filed a responsive pleading. (Pl.'s Response 3:13–17, ECF No. 20).  While the court in *Augustine* found that Rule 12(b)(1) motions filed after the responsive pleading were "technically untimely," the court also explained that the issue of subject matter jurisdiction "may be raised by the parties at any time pursuant to Fed. R. Civ. P. 12(h)(3)." *Augustine*, 704 F.2d at 1075.  As a general rule, "[t]he defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Id.* at 1077.  The Court therefore finds that the Defendant's motion is properly brought before the Court. *See* Fed. R. Civ. P. 12(h)(3).

### 2.  Negligent Training Claim

Plaintiff raises her negligence claim pursuant to the FTCA, 28 U.S.C. § 2671, *et seq*. The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment. *See Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995).  Under the FTCA, the United States may be held civilly liable for the torts of its employees "in the same manner and to the same extent as a

private individual under like circumstances." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).  However, the FTCA's waiver of immunity is limited by a number of statutory exceptions. *See* 28 U.S.C. § 2680.  If a plaintiff's cause of action falls within one or more of these exceptions, then federal courts lack subject matter jurisdiction to hear the claim. *See Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975).

Defendant argues that Plaintiff's negligent training claim is jurisdictionally barred by the discretionary function exception of the FTCA. (Def.'s Mot. to Dismiss 3:26–27, ECF No. 17). To survive a motion to dismiss under this exception, a claim must "allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *United States v. Gaubert*, 499 U.S. 315, 325 (1991).  The Ninth Circuit has repeatedly found that decisions relating to training, hiring, and supervision "fall squarely within the discretionary function exception." *Nurse*, 226 F.3d at 1001; *see also Vickers*, 228 F.3d at 950; *Gager v. United States*, 149 F.3d 918, 920–22 (9th Cir. 1998).

In her Response, Plaintiff concedes that "the nature and extent of training provided to the TSA agent is not challengeable under the FTCA." (Pl.'s Response 4:13–15).  However, Plaintiff asserts that "[w]hether the discretionary function bars Plaintiff from receiving compensation for certain challenged actions committed by government employees is best decided at trial when the complete facts will be presented following robust discovery in this case." (*Id.* 1:22–2:1).  This argument is insufficient to overcome deficiencies in the Complaint itself. *See Gaubert*, 499 U.S. at 325.  Here, Plaintiff's sole basis for her negligent training claim is the broad assertion that Defendant failed to "provide the handler with appropriate training." (*See* Compl. ¶ 18).  As the Complaint avers no additional facts to suggest that the claim falls outside of the discretionary function exception, the Court dismisses Plaintiff's negligent training claim without prejudice.

### 3.  Declaratory Relief and Attorney's Fees

Plaintiff also seeks both declaratory relief and attorney's fees.  Pursuant to the FTCA, "[t]he only relief provided for in the [FTCA] is 'money damages'." *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992); *see also* 28 U.S.C. § 1346(b).  Plaintiff concedes that "the FTCA does not permit declaratory relief" and "there is no independent basis under the FTCA for an award of attorney's fees separate and distinguishable from any monetary compensation the Court may award." (Pl.'s Response 4:23–25).  The Court therefore strikes Plaintiff's request for declaratory relief and attorney's fees.

## IV.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Dismissal, (ECF No. 17), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's negligent training claim is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's requests for declaratory relief and attorney's fees are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's unopposed Motions to Extend time, (ECF Nos. 18, 21), are **GRANTED**.

**DATED** this ___7__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge