# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA MCSWAIN, ) | |
| ) Plaintiff, ) | Case No. 2:15-cv-01321-GMN-GWF |
| ) vs. ) | **ORDER** |
| ) UNITED STATES OF AMERICA, ) | |
| ) Defendant. ) | |

This matter is before the Court on the Government's Motion to Strike Plaintiff's Late-Disclosed Medical Experts (ECF No. 46), filed on February 27, 2017. Plaintiff filed an Opposition (ECF No. 52) on March 15, 2017 and the Government filed a Reply (ECF No. 53) on March 21, 2017. The Court conducted a hearing in this matter on March 27, 2017.[1]

## BACKGROUND

On August 30, 2016, the Court issued an order that ruled upon Plaintiff's Motion to Compel Discovery Responses and Stay Discovery Period. *See* ECF No. 31. Plaintiff's motion argued that she was unable to disclose an expert witness on liability until she obtained discovery responses relating to dog training and corresponding policies from Defendant. Prior to the hearing on Plaintiff's motion, the Court entered a minute order that stated that "[t]he expert disclosure deadline is stayed until the court reviews and considers Defendant's response, if any, to Plaintiff's motion." *Minute Order* (ECF No. 22). Plaintiff interpreted this minute order to mean that disclosure of any expert witness, medical or liability, was stayed. In its order, however, the Court advised Plaintiff that her interpretation of the minute order was unreasonable. The Court specifically stated the following:

---

[1] Plaintiff's counsel failed to appear at the hearing on March 27, 2017. The Court reiterates that the rulings made in this order are based entirely on the briefs submitted by the parties and not on Plaintiff's counsel's failure to appear.

> Although the minute order was broadly worded, Plaintiff's counsel's reading of the order as staying the disclosure of medical expert witnesses was unreasonable. Nothing in Plaintiff's motion stated that she was unable to disclose medical experts by the disclosure deadline.

*Order* (ECF No. 31), 2:26-3:1.

The Court further found that:

> Because Plaintiff has not provided good cause to extend the disclosure deadline with respect to medical experts, the Court will not extend the deadline with respect to such experts in this order. Plaintiff may not disclose heretofore undisclosed medical expert witnesses unless she files a motion demonstrating good cause for permitting her to do so, and the Court grants that request.

*Id.* 12:19-22.

Following entry of the Court's order, Plaintiff has not filed a motion to disclose medical experts. On September 29, 2016, the Court held a status conference regarding Defendant's compliance with its August 30, 2016 order. During the conference, the Court held that the expert disclosures, discovery deadlines and other deadlines would be held in abeyance until the parties submitted a proposed revised scheduling order. *See Minutes of Proceedings* (ECF No. 38). The Court ultimately entered a revised scheduling order on December 12, 2016, which set January 25, 2017 as the deadline for Plaintiff to disclose her expert. *Scheduling Order* (ECF No. 44).

On January 25, 2017, Plaintiff provided Defendant with her expert disclosure. This disclosure included not only a liability expert but also two medical experts. The disclosure stated that the medical experts will be "offering expert testimony based upon his treatment of Plaintiff and ... will encompass, among other things, causation, damages and need for future medical care." *Plaintiff's Disclosure of Expert Witnesses and Documents* (ECF No. 46), Exhibit 1, pg. 2. Defendant now seeks to strike Plaintiff's medical experts on the grounds that the disclosure is in direct conflict with this Court's August 30, 2016 order and because the disclosure does not comply with Federal Rule of Civil Procedure 26(a)(2)(C). In response, Plaintiff believes that her medical experts were properly disclosed—despite the Court's express admonition in its August 30, 2016 order— because the scheduling order did not specifically state that the January 25, 2017 expert deadline related solely to liability experts.

**DISCUSSION**

The Court, in its August 30, 2016 order, found that Plaintiff did not provide the Court with good cause for why she failed to disclose medical experts by the July 22, 2016 deadline and therefore rejected Plaintiff's request to extend the medical expert disclosure deadline. *See Order* (ECF No. 31). The Court, however, stated that Plaintiff could file a motion that demonstrated good cause for permitting her to disclose future medical experts. Plaintiff has not done so. Therefore, Plaintiff's January 25, 2017 disclosure of two medical experts is in direct contravention of this Court's order. Plaintiff, however, argues otherwise. Specifically, Plaintiff argues that because the Court entered the parties' proposed scheduling order on December 16, 2016, which did not contain any language explicitly stating that the expert deadline was as to liability experts only, the Court in effect overruled its prior findings in its August 30, 2016 order. *See Opposition* (ECF No. 52), pg. 3. The interpretation is entirely unreasonable and not persuasive. As discussed above, the Court's August 30, 2016 order only extended the expert disclosure deadline as to liability experts. The subsequent status hearing, held on September 29, 2016, was directly related to the Court's rulings in the August 30, 2016 order and only dealt with extending the liability expert disclosure deadline. The parties' proposed scheduling order—which was ordered by the Court during the status conference— was therefore also intended to apply only to extending the *liability* expert disclosure deadline.

In addition to Plaintiff's medical expert disclosure being in conflict with this Court's August 30, 2016 order, it also runs afoul of Rule 26(a) of the Federal Rules of Civil Procedure. Rule 26(a) provides that witnesses who do not provide a written report (i.e. a non-retained, treating physician) must disclose the "subject matter" on which the witness is expected to present evidence as well as a "summary of the facts and opinions" that the witness will testify to. Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii); *see Moshi v. State Farm Mut. Auto. Ins. Co.*, No. 2:12 CV 01018 PMP, 2013 WL 9600669, at *2 (D. Nev. May 30, 2013) ("Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C) as they may testify as both a fact and expert witness."). Plaintiff's disclosure states that both medical experts, Derek Duke and Jeffrey Leavitt, will testify about "among other

things, causation, damages and need for future medical care." *Plaintiff's Disclosure of Expert Witnesses and Documents* (ECF No. 46), Exhibit 1, pg. 2.  This statement only constitutes the "subject matter" portion of Rule 26(a)(2)(C).  Plaintiff was still required to provide Defendant with a "summary of the facts and opinions" that Derek Duke and Jeffrey Leavitt would testify to (if they were properly disclosed) but failed to do so.  Therefore, Plaintiff did not comply with Rule 26(a) of the Federal Rules of Civil Procedure.

For these reasons the Court will grant Defendant's motion to strike Plaintiff's medical experts, Derek Duke and Jeffrey Leavitt from her January 25, 2017 disclosure.  Accordingly,

**IT IS HEREBY ORDERED** that  Government's Motion to Strike Plaintiff's Late-Disclosed Medical Experts (ECF No. 46) is **granted**.

DATED this 4th day of April, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge