UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAMELA MCSWAIN,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 2:15-cv-01321-GMN-GWF

**ORDER**

**Re: Motion to Strike (ECF No. 63)**

      This matter is before the Court on Defendant's Motion to Strike Plaintiff's Supplemental Expert Witness Report or, in the Alternative, Reopen Discovery (ECF No. 63), filed on July 14, 2017. Plaintiff filed her Opposition (ECF No. 67) on July 25, 2017 and Defendant filed its Reply (ECF No. 68) on August 1, 2017. The Court conducted a hearing in this matter on August 10, 2017, at which time it ordered Defendant to supplement its motion by filing with the Court the transcript of the deposition of Raymond Fasciano, II, and the original report of Plaintiff's expert witness, Kerry Tritschler.

## **BACKGROUND**

      Plaintiff alleges that on September 29, 2014 she was in line to board a flight at McCarran International Airport in Las Vegas, Nevada with her "small emotional support animal ('ESA'), a dog named 'Chief.'" *Complaint* (ECF No. 1), at ¶ 10. While attempting to follow the directions of TSA officers as to where she should go to, Plaintiff observed a TSA security dog that was on its hind legs, pulling on the leash maintained by its handler, and barking in a threatening manner. Plaintiff reached down to pick-up her dog. As she stood up, she was attacked from behind by the TSA dog which knocked her and her dog to the ground. Plaintiff and her dog were both injured. ¶¶ 12-14.

On March 4, 2016, the Court granted an extension of the scheduling order which provided that expert witness disclosures were due on July 22, 2016 and rebuttal expert witness disclosures were due on August 22, 2016. The discovery cutoff date was extended to September 20, 2016. *Order on Stipulation* (ECF No. 16). On July 21, 2016, one day before the expert witness disclosure deadline, Plaintiff filed a motion to compel discovery responses and stay the discovery period. Plaintiff argued that she was not able to disclose an expert witness on liability until she obtained written discovery responses from Defendant.

On July 22, 2016, Defendant served its initial expert witness disclosures in compliance with the scheduling order. Defendant provided a report by its liability expert, Kenneth Wallentine, who stated:

> "Vadar's [the TSA security dog] behavior that can be seen on the surveillance video does not show threat gestures. Nor does TSA PSC Handler Fasciano report observing any apparent threat gestures by Vadar. Fasciano attempted to block Vadar's view of the other dog and Fasciano spoke to Vadar to calm him. Such a response was consistent with the actions of a reasonable dog handler." *Id. at pg. 3*. Mr. Wallentine further states that the type of dog harness worn by the dog "is a very commonly used working dog harness, adopted by hundreds of law enforcement agencies in the United States. Although it is conceivable that a dog could slip out of this type of harness, it is physically very difficult, requiring that the dog suddenly back out of the harness, slipping head, ears, chest and legs backward. Though I have seen dogs in such harnesses back quickly, I have never seen a dog successfully slip out of the harness. Prior to learning of this incident, I was not aware of any dog that ever slipped out of this type of harness." *Id.*

*Order* (ECF No. 31), at pg. 3.

Although Plaintiff's motion to stay discovery and, in effect, grant her additional time to obtain a liability expert's opinion was untimely, the Court granted it in the interest of justice and gave Plaintiff leave to disclose an expert witness ten days after Defendant produced documents pursuant to the Court's order. *Id.* at pg. 13. On December 16, 2016, the Court ordered that Plaintiff serve her initial expert witness disclosure on January 25, 2017. The Court also extended the discovery cutoff date to April 25, 2017. *Order* (ECF No. 44).

Plaintiff thereafter served a January 25, 2017 report by her liability expert witness, Kerry Tritschler. *See Notice of Filing Plaintiff's Expert Report of Kerry Tritschler* (ECF No. 71) ("*Tritschler Report")*. Mr. Tritschler's report identified the documents and items he reviewed in preparing his report which included surveillance video of the incident and Mr. Wallentine's expert report. *Tritschler's*

2

*Report*, at pg. 2. Mr. Tritschler stated that as of January 16, 2017, he did not "have a copy of Vadar's training records to enable me to see if Vadar had an aggressive posture or attitude toward other animals. I understand these items have been requested from the government but not yet produced. These are key documents that have direct bearing on the negligence that occurred in this case." *Id.* at pg. 4. He further stated: "Socialization for all working dogs should be done to ensure that they're not aggressive towards people, and that animals or people do not distract the working/explosive dog from detecting explosives it has been trained for. Any canine that searches cannot concentrate on the orders (sic) it is detecting if it is fixated on people or other animals." *Id.* Based on the information that had been provided to him, Mr. Tritschler stated as follows:

> It is my opinion that . . . Ray Fascino (sic) was negligent by not controlling his canine partner Vadar from running after Pamela McSwain and her companion dog Chief knocking them to the ground. I concur with Mr. Wallentine that it is very difficult for a canine to slip out of the type of harness which was applied to Vadar <u>unless</u> it was applied too loosely which clearly appears to be the case here. Common sense dictates that Vadar would not have slipped out of the harness but for the negligence of having it fastened too loosely. I also believe that reviewing the training records will be helpful in determining a pattern showing Vadar escalating to the point that he was out of control for that short time.

*Id.* at pg. 4.

On April 19, 2017, the Court granted the parties' stipulation to extend discovery until June 26, 2017. *Order* (ECF No. 57). The primary reasons for the requested extension was the unavailability of Plaintiff's counsel and/or Plaintiff to appear for depositions prior to the existing discovery cutoff date. *Id.* at pg. 1. In regard to discovery that remained to be completed, Plaintiff stated that she "reserved the right take the deposition of the TSA canine handler on a mutually agreeable date." *Id.* at pg. 2.

On April 27, 2017, Plaintiff's counsel, Paul Padda, Esq., filed a motion to withdraw as counsel for the Plaintiff. *Motion to Withdraw* (ECF No. 58). On May 18, 2017, the Court approved the substitution of Vernon L. Bailey, Esq., as Plaintiff's counsel. *Order* (ECF No. 60). On June 1, 2017, Plaintiff deposed the TSA canine handler, Raymond Fasciano. On June 23, 2017, Plaintiff served her second supplemental Rule 26(a) disclosures, which included an "Expert Supplemental Report" by Mr. Tritschler dated June 15, 2017. *Motion to Strike* (ECF No. 63), *Exhibit ("Supplemental Report")*.

Mr. Tritschler stated in his supplemental report that "[a]fter giving me the opportunity to review

the deposition transcript of Raymond Fasciano, II Dated June 1, 2017, I noticed problems with Fasciano's canine handling technique." *Supplemental Report*, pg. 2. He then summarized portions of Mr. Fasciano's testimony under the heading "Animal Aggression." *Id.* at pgs 2-3. Based on this deposition testimony, Mr. Tritschler stated:

> From the questions and answers above, a dog trainer can see that Vadars aggressiveness escalated over the time period May through September 2014. Fasciano allowed his explosive canine detector dog to become distracted by other canines. Fasciano estimates that it was 40 times that Vadar barked at other canines during this time. Other than saying easy, Fasciano did not correct Vadars actions to keep him from barking at other dogs, so Vadars infatuation for other canines escalated.

*Id.* at pg. 3.

Mr. Tritschler also briefly summarized Mr. Fasciano's testimony regarding the harnessing of Vadar. He stated:

> From this information Fasciano became complacent putting on Vadar's harness everyday. He did slide Vadars legs into the harness and slipped it over his the head. The important thing he did not do is ensure that the harness was secure and tight so the harness would not come off his dog unless he loosened and unclipped the harness and belly belt. From this negligence Vadar slipped out of the harness and escaped from Fasciano's control.

*Id.* at pg. 3.

Mr. Tritschler also stated that Mr. Fasciano's testimony shows that he failed to recognize that the handler is responsible at all times for controlling the canine. He also states that based on his review of the surveillance video, Mr. Fasciano was negligent in not moving the dog out of the area prior it escaping from the harness. *Id.* at pg. 4.

Defendant argues that Mr. Tritschler's June 15, 2017 report should be stricken because it is not a proper supplementation of his earlier report, but instead attempts to untimely assert new expert opinions that were not set forth in his original report.

**DISCUSSION**

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires the parties to disclose their expert witnesses. Rule 26(a)(2)(B) further requires, with respect to specially retained experts, that the disclosure be accompanied by a written report prepared by the expert that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Local Rule (LR) 26-1(b)

states that expert witness disclosures must be made 60 days before the discovery cut-off date and rebuttal expert witness disclosures must be made 30 days before the discovery cut-off date. The parties should conduct all necessary discovery prior to the expert witness disclosure deadline so that the expert's report is complete and will not require supplementation based on further discovery. In some cases, however, the initial period of discovery may not be sufficient to obtain all of the information that the expert needs to review in rendering his opinion. When this occurs, a party may seek an extension of the discovery period and the expert witness disclosure deadlines.

Rule 26(a)(2)(E) states that parties must supplement their disclosures when required under Rule 26(e). Rule 26(e)(2), in turn, states that for an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due. As stated in *Hologram USA, Inc. v. Pulse Evolution Corporation*, 2016 WL 3965190, at *2 (D.Nev. July 7, 2016), however:

> Rule 26(e) "creates a duty to supplement, not a right." *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed.Appx. 596, 500 (9th Cir. 2009). Supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of initial disclosure." *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). It is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Id.*

*See also State of Nevada v. United States Dep't of Treasury-IRS*, 2017 WL 277399, at *4 (D.Nev. Jan. 18, 2017).

In this case, Plaintiff's former counsel moved to extend the initial expert witness disclosure deadline one day before it expired. *See Motion* (ECF No. 23). The motion was untimely because LR 26-4 requires stipulations or motions to extend a scheduling deadline to be filed at least 21 days before its expiration. The Court granted the extension, however, because Defendant had objected to producing information regarding the TSA's policies and procedures for handling canines which Plaintiff

represented her expert needed in order to render his opinions.[1] Notably, Plaintiff did not state that she needed to take Mr. Fasciano's deposition prior to the disclosure of her expert's report. On December 16, 2016, the Court ordered Plaintiff to serve her initial expert report by January 25, 2017. Once again, Plaintiff did not request that the expert disclosure deadline be further extended so that she could first take Mr. Fasciano's deposition. In his January 25, 2017 report, Mr. Tritschler stated that he had not received canine training records to evaluate whether the dog was aggressive toward people or other animals. *Tritschler's Report*, pg. 2. Following this report, Plaintiff did not request leave to have Mr. Tritschler prepare a supplemental report after he obtained the canine training records. Nor did Plaintiff promptly take Mr. Fasciano's deposition. In the April 18, 2017 stipulation to extend discovery, Plaintiff reserved the right to take the deposition of the TSA canine handler, but did not request a reopening of the expert witness disclosure deadlines or state that supplementation of her expert's report would be necessary. *See Order* (ECF No. 57).

On May 18, 2017, Plaintiff's present counsel, Mr. Bailey, substituted into the case. He thereupon moved diligently to take Mr. Fasciano's deposition on June 1, 2017. On June 15, 2017, Mr. Tritschler issued his supplemental report. The Court does not fault Plaintiff for the two week period between the deposition and the date of the supplemental report. The deposition transcript needed to be obtained and the expert needed reasonable time to evaluate and write his report. It is unclear, however, why it took another eight days to serve the supplemental report on Defendant. The Court's decision, however, is not based on any delay in serving the supplemental report after it was issued. The new opinion expressed in Mr. Tritschler's supplemental reported must be stricken because Plaintiff failed to diligently pursue discovery before or after filing the motion to extend the expert disclosure deadline on July 21, 2016. Because the supplemental expert report was not served until three days before the expiration of discovery, Mr. Tritschler's new opinion should not be permitted.

The Court therefore strikes Mr. Tritschler's supplemental opinion that the dog's aggressiveness escalated over the time period from May through September 2014, and that Defendant's employee(s)

---

[1] As a result of the Court's order, Plaintiff's expert had the advantage of being able to review Defendant's expert's initial report before he rendered his opinions and issued his report. *Tritschler's Report*, pg. 2.

1 was negligent in permitting the dog to develop aggressive characteristics and/or in continuing to use him at the airport after such characteristics had developed. Mr. Tritschler's supplemental report also adds to his opinion that Mr. Fasciano was negligent in not properly securing the dog's harness which permitted him to escape and attack Plaintiff and her dog. There is nothing particularly new in this opinion from what was stated in Mr. Tritschler's initial report. Likewise, Mr. Tritschler's statement that Mr. Fasciano should have attempted to move away from the area before the dog escaped from its harness does not appear to be beyond the scope of his initial report and need not be stricken. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Supplemental Expert Witness Report or, in the Alternative, Reopen Discovery (ECF No. 63) is **granted** as follows: Plaintiff's expert witness is barred from testifying that Defendant or its employee were negligent in permitting the dog to develop aggressive characteristics or in using him as an explosives detection dog at the airport after such characteristics developed.

DATED this 11th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge