**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAMELA MCSWAIN, )
)
        Plaintiff, ) Case No.: 2:15-cv-01321-GMN-GWF
   vs. )
) **FINDINGS OF FACT AND**
UNITED STATES OF AMERICA, ) **CONCLUSIONS OF LAW**
)
        Defendant. )
)

    Plaintiff Pamela McSwain ("Plaintiff") initiated this action against Defendant United States of America ("Defendant") on July 13, 2015, asserting a claim for negligence under the Federal Tort Claims Act ("FTCA"). (*See* Compl., ECF No. 1). Beginning on July 2, 2018, the Court conducted a three-day bench trial. Having reviewed the parties' briefs and related exhibits, and having considered the argument of each of the parties at trial, the Court hereby makes the following findings of fact and conclusions of law.

**I.    FINDINGS OF FACT[1]**

    1.    On the morning of September 29, 2014, Plaintiff entered the TSA security checkpoint at McCarran International Airport. Plaintiff had with her a carry-on luggage bag and her Cocker Spaniel "Chief." Chief served as an emotional support dog for Plaintiff while flying.

    2.    TSA canine handler Raymond Fasciano ("Fasciano") and his dog "Vadar" were stationed at the security checkpoint by Plaintiff. Vadar, a young Labrador Retriever, was

---

[1] To the extent any Finding of Fact should be properly designated a Conclusion of Law, it shall be deemed a Conclusion of Law. To the extent any Conclusion of Law should be properly designated a Finding of Fact, it shall be deemed a Finding of Fact.

secured by a leash attached to a harness. Vadar was chosen as a TSA canine for his high energy and drive.

3. Fasciano was acting within the scope of his employment at the time of the subject incident.

4. Upon seeing Plaintiff and her dog, Vadar began barking and pulling on the leash in Plaintiff's direction. Fasciano attempted to block Vadar's view of Chief and regain Vadar's focus but was unsuccessful.

5. Vadar had barked or been distracted by passenger animals roughly forty times between May 2014 and September 2014.

6. While Vadar was barking, TSA agent Robin Cotton directed Plaintiff to move from the TSA Precheck lane to the disability and wheelchair lane.

7. As Plaintiff was transitioning between lanes, Fasciano knelt down to try and calm Vadar. By kneeling down, Fasciano had less leverage and control over Vadar's leash. Vadar abruptly pulled backwards, slipped out of his harness, and began running towards Plaintiff and Chief.

8. TSA standards and guidelines provide that a handler must maintain positive control over the canine. These standards encompass, *inter alia*, keeping the canine on a leash.

9. Plaintiff's canine handling expert, Kerry Tritschler ("Tritschler"), testified that Fasciano improperly handled Vadar during the subject incident. Tritschler also testified that Vadar would not have been able to slip out of his harness were it properly tightened. The Court finds Tritschler's opinions to be credible.

10. After Vadar escaped from his harness, Plaintiff bent down to pick up Chief in her arms. Vadar then ran through the security line and made contact with Plaintiff, knocking her and Chief to the floor. As a result of the incident, Plaintiff sustained physical injuries to her back.

11. Plaintiff saw numerous medical professionals after the incident. In determining which treatments are related to the incident, the Court finds credible the testimony and report of Dr. Richard C. Rosenberg. According to Dr. Rosenberg, "the MRI scans and x-rays that are related to the September 29, 2014, incident were one cervical MRI scan, one lumbar MRI scan and one MRI scan of the thoracic spine." Dr. Rosenberg estimated the cost of these procedures at $4,500.00. In addition, Dr. Rosenberg found that twelve of forty-one physical therapy treatment sessions were related to the incident, totaling $2,500.00. Plaintiff also incurred expenses for administrative fees, medication, and other lesser treatments. Based upon a review of the record, the Court finds that Plaintiff is entitled to $10,000.00 in reasonable medical expenses.

12. Following the incident, Plaintiff had Chief examined for injuries at Banfield Medical Center's offices in San Jose, California, and Henderson, Nevada. Based upon a review of the record, the Court finds that Plaintiff is entitled to $863.00 in reasonable veterinarian expenses.

13. Plaintiff and her significant other, John Hendrick, testified to the mental and emotional impact of the subject incident on Plaintiff. Based upon a review of the record, the Court finds that Plaintiff is entitled to $25,000.00 in damages for pain and suffering.

## II. **CONCLUSIONS OF LAW**

1. The Court has subject matter jurisdiction over this action pursuant to the FTCA, 28 U.S.C. § 1346(b)(1), which states that federal courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a

private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. The "law of the place" refers to the law of the state where the act or omission occurred. *See Delta Savings Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir.2001).

3. To establish a claim of negligence in Nevada, a plaintiff must demonstrate by a preponderance of the evidence that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) the defendant's breach of duty was a legal cause of Plaintiff's injuries; and (4) that the plaintiff suffered damages. *See DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012).

4. Foreseeability of harm is a predicate to establishing the element of duty. *Ashwood v. Clark Cty.*, 930 P.2d 740, 743 (Nev. 1997). With respect to domestic animals, courts look to the characteristics of the animal which are normal to its class and create a foreseeable risk of harm. *See* Restatement (Second) of Torts § 518 cmts. g, h (Am. Law. Inst. 1965). As to those characteristics, the owner has a duty to anticipate the harm and exercise reasonable care to prevent the harm. *Id.*; *see also Nichols v. Gallant*, No. A-12-667264-C, 2013 WL 7095982 (Nev. Dist. Ct. Nov. 5, 2013) (stating that an owner or keeper of a dog may be liable for its vicious or mischievous acts if the owner or keeper had prior knowledge of such propensities); *Drake v. Dean*, 19 Cal. Rptr. 2d 325 (1993) ("The common law [] provided that the owner of an animal which was not vicious . . . but which was prone to some other potentially harmful behavior, could be held liable under a theory of negligence for any injury proximately caused by such behavior.").

5. The Court finds it foreseeable that an energetic, young Labrador Retriever without a leash could knock down and injure an individual. Defendant had prior knowledge of Vadar's propensity for such energetic behavior upon seeing other domestic animals at the

security checkpoint. Defendant therefore had a duty to exercise reasonable care towards Plaintiff on September 29, 2014.

6. Defendant breached this duty by mishandling and leashing Vadar such that Vadar was able to escape his harness and run freely through the security area. Defendant's breach is further supported by the failure to abide by the TSA canine handling guidelines and regulations. *See Bolt v. United States*, 509 F.3d 1028, 1032 (9th Cir. 2007) (stating that federal statutes and regulations are relevant to establish the standard for reasonable care once a state law duty is found to exist).

7. As a direct and proximate result of Defendant's breach, Plaintiff sustained physical and mental injuries. *See Babcock & Wilcox Co. v. Nolton*, 71 P.2d 1051, 1056 (Nev. 1937) (allowing recovery for both physical and mental injuries in negligence actions).

8. To recover for medical expenses and treatment, a plaintiff must prove that the expenses and treatments were "reasonable and necessary" as a result of the defendant's tortious conduct. *Wilson v. Biomat USA, Inc.*, 2:10-cv-1657-GMN-RJJ, 2011 WL 5239236, at *3 (D. Nev. Oct. 31, 2011) (citing *Hall v. SSF, Inc.*, 930 P.2d 94, 97 (Nev. 1996)). Plaintiff has met this burden as to the damages detailed in the previous section. With respect to the remaining asserted damages, however, Plaintiff has failed to sufficiently demonstrate a causal relationship with the subject incident.

9. For injuries to a pet, Nevada law limits recovery to the lesser of actual veterinary expenses or $5,000. *See* NRS 41.740(1)(a), (2), (3).

10. Based on the foregoing, the Court concludes that Defendant was negligent in failing to properly handle and leash Vadar. Defendant's negligence resulted in Plaintiff's damages as stated above.

/ / /

/ / /

## III. CONCLUSION

THEREFORE, in light of the foregoing Findings of Fact and Conclusions of Law,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Judgment is entered against Defendant and in favor of Plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff is awarded damages in the amount of $35,863.00.

**DATED** this __4__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge